**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annabel Lopez, | No. CV-20-00696-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Annabel Lopez's Applications for Supplemental Security Income benefits and Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 19, "Def. Br."), and Plaintiff's Reply (Doc. 20, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 17, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision, (R. at 14–35), and remands Plaintiff's case for computation and payment of benefits.

I.      BACKGROUND

Plaintiff filed her Applications for Disability Insurance benefits and Supplemental Security Income benefits on November 18, 2015, alleging disability beginning February 5, 2015. (*Id*. at 17.) Plaintiff later amended her disability onset-date to October 1, 2015. (*Id*.)

1  Plaintiff's claims were denied initially on February 12, 2016, and on reconsideration on
2  August 26, 2016. (*Id*.) Plaintiff appeared before the ALJ for a hearing on her claims on
3  July 13, 2018. (*Id*.) After her July 2018 hearing, Plaintiff obtained a consultative
4  examination, and then appeared for a second hearing before the ALJ on January 4, 2019.
5  (*Id*.) On February 22, 2019, the ALJ denied Plaintiff's claims. (*Id*. at 14–35.) Finally, on
6  February 5, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's
7  decision. (*Id*. at 1–7.)

8        The Court has reviewed the medical evidence and will discuss the pertinent
9  evidence in addressing the issues raised by the parties. Upon considering the medical
10 evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following
11 severe impairments: (1) degenerative disc disease of the cervical and lumbar spine with
12 spondylosis/spondylolysis and radiculitis; (2) sacrococcygeal disorder; (3) chronic pain
13 syndrome; (4) chronic liver disease/cirrhosis; (5) osteoarthritis; (6) inflammatory arthritis;
14 (7) shoulder arthrosis/tendinosis; (8) diabetes mellitus type 2 with peripheral neuropathy;
15 (9) hypertension; (10) fibromyalgia; and (11) obesity. (*Id*. at 20.)

16       Ultimately, the ALJ evaluated the medical evidence and testimony and concluded
17 that Plaintiff was not disabled. (*Id*. at 27.) The ALJ found that Plaintiff "does not have an
18 impairment or combination of impairments that meets or medically equals the severity of
19 one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 21.)
20 Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding:

> [Plaintiff] has the [RFC] to lift and/or carry 11 to 20 pounds frequently and
> 21 to 50 pounds occasionally. [Plaintiff] can sit, stand and walk at one time,
> without interruption, for 4 hours each, and for a total of 6 hours each in an 8-
> hour workday. [Plaintiff] requires an assistive device, but can ambulate
> without the use of the device for 100 to 200 feet. With the device, [Plaintiff]
> cannot use her free hand to carry small objects. [Plaintiff] can frequently
> reach bilaterally and can occasionally balance, stoop, kneel, crouch, and
> climb ramps and stairs. She is precluded from climbing
> ladders/ropes/scaffolds and crawling and from concentrated exposure to
> hazards, including unprotected heights and moving mechanical parts.

. . . .

- 2 -

(*Id*. at 22–23.) Based on Plaintiff's RFC, the ALJ found she can perform her past relevant work as an insurance clerk. (*Id*. at 26.)

## II.    LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she

1   determines whether the claimant can perform any other work in the national economy
2   based on the claimant's RFC, age, education, and work experience. 20 C.F.R.
3   § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

4   **III.    ANALYSIS**

5          Plaintiff raises a single issue on appeal, arguing that the ALJ erred by rejecting her
6   symptom testimony. (Pl. Br. at 1.) Thus, Plaintiff presents a relatively straightforward
7   Social Security appeal since the Court need only determine whether the ALJ provided
8   sufficient reasoning for discounting Plaintiff's testimony, and if he did not, determine the
9   appropriate remedy. As discussed in detail below, the ALJ failed to provide sufficient
10  reasoning for rejecting Plaintiff's testimony. Further, because Plaintiff's testimony when
11  properly credited would result in her being found disabled, the appropriate remedy is to
12  remand her case for benefits.

13         An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding
14  pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ
15  evaluates whether the claimant has presented objective medical evidence of an impairment
16  "which could reasonably be expected to produce the pain or symptoms alleged."
17  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v.*
18  *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)).
19  If the claimant presents such evidence then "the ALJ can reject the claimant's testimony
20  about the severity of her symptoms only by offering specific, clear and convincing reasons
21  for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281
22  (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015.
23  "In evaluating the credibility of pain testimony after a claimant produces objective medical
24  evidence of an underlying impairment, an ALJ may not reject a claimant's subjective
25  complaints based solely on a lack of medical evidence to fully corroborate the alleged
26  severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

27         At both hearings Plaintiff's testimony was essentially identical. She uses a walker
28  to help with excruciating pain in her lower back. (R. at 291.) She must lie down for about

- 4 -

five hours out of every workday. (*Id.* at 304.) Furthermore, her activities of daily living (ADLs) are limited because of her impairments. Plaintiff's ADLs consist primarily of playing games on her phone, managing hygiene, and watching TV. (*Id.* at 294, 301, 319, 328.) Though she can drive, she only drives once per week out of necessity. (*Id.* at 323.) She occasionally tries to care for her dogs and clean, but she is limited in these tasks and cannot sustain them for long. (*Id.* at 296–297, 318, 328.)

The ALJ found "that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 23.) Specifically, the ALJ found that "greater limitations [than those included in the RFC] are not supported in light of other medical evidence, opinion evidence, and [Plaintiff's] acknowledged [ADLs]." (*Id.* at 24.) For support, the ALJ relied on a summary of the medical evidence and a review of Plaintiff's ADLs. (*Id.* at 23–26.) Since the ALJ provided only two reasons for rejecting Plaintiff's testimony, and one of those reasons—a lack of corroborating medical evidence—is insufficient on its own, the correctness of the ALJ's decision depends on whether his reliance on Plaintiff's ADLs is adequately supported by the evidence.

The Court finds the ALJ's reliance on Plaintiff's ADLs was plainly inadequate. The ADLs cited by the ALJ—preparing meals; maintaining hygiene; performing light housework; driving once per week; watching TV; using her phone—do not self-evidently undermine Plaintiff's testimony. (*Id.* at 25–26.) Importantly, Plaintiff testified she is limited performing even these minimal activities. (*Id.* at 294, 296–97, 304, 318, 323, 328.) And the ALJ does not provide any explanation of how these ADLs undermine Plaintiff's testimony or how they are consistent with sustaining fulltime work. (*Id.* at 25–26.) *See Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a

workplace environment will often be consistent with doing more than merely resting in bed all day.") Neither the record nor the ALJ's analysis reveals any inconsistency between Plaintiff's ADLs and her testimony, including that she requires an assistive device to walk because of excruciating pain and that she lays down for significant periods of time throughout the day. (R. at 291, 304.) Without more detailed evidence or analysis, it appears Plaintiff's limited ADLs are entirely consistent with her testimony. Additionally, since the ALJ's reliance on the objective medical evidence as a basis for rejecting Plaintiff's testimony stands alone, it is insufficient. *See Burch*, 400 F.3d 676, 682 (9th Cir. 2005). Thus the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

Plaintiff argues the Court should apply the credit-as-true rule and remand her case for an award of benefits. (Pl. Br. at 16.) *See Garrison*, 759 F.3d at 1020. The credit-as-true rule applies if each part of a three-part test is satisfied. *Id*. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*.

Here, the credit-as-true rule dictates that Plaintiff's case should be remanded for an award of benefits. First, the record is fully developed and there is no indication that further administrative proceedings would serve any useful purpose. Next, as discussed above, the ALJ failed to provide sufficient justification for rejecting Plaintiff's symptom testimony. If Plaintiff's symptom testimony were credited-as-true, the ALJ would be required to find Plaintiff disabled. The ALJ acknowledged as much at Plaintiff's second hearing when the vocational expert testified that there would be no available work for a person with Plaintiff's alleged limitations. (R. at 308.) Finally, the record does not create serious doubt

that Plaintiff is, in fact, disabled. Therefore, the appropriate remedy is to remand Plaintiff's case for benefits.

## IV.   CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. The ALJ's justifications for rejecting Plaintiff's testimony—its inconsistency with her ADLs and the objective medical evidence—were insufficient to reject her testimony. Substantial evidence does not support the determination that Plaintiff's ADLs undermine her testimony, and inconsistency with the objective medical evidence is, on its own, an insufficient basis to discount a claimant's allegations. Finally, because the credit-as-true rule applies, the appropriate remedy is to remand Plaintiff's case for an award of benefits.

**IT IS THEREFORE ORDERED** reversing the February 22, 2019 decision of the Administrative Law Judge (R. at 14–35), as upheld by the Appeals Council (R. at 1–7).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for computation and award of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 8th day of March, 2021.

_____
Honorable John J. Tuchi
United States District Judge